UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BRANDON F.,

                Plaintiff,

v.

ANDREW M. SAUL,
Commissioner of Social Security,

                Defendant.

CASE NO. C19-5462-MAT

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL

Plaintiff proceeds through counsel in his appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied plaintiff's application for Supplemental Security Income (SSI) after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, this matter is AFFIRMED.

## **FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1990.[1] He completed high school and previously worked as a dishwasher. (AR 39, 42.)

Plaintiff protectively filed an SSI application on September 3, 2015, alleging disability

---

[1] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

ORDER
PAGE - 1

beginning June 20, 2013. (AR 244.) The application was denied initially and on reconsideration.

On August 7, 2017, ALJ Malcolm Ross held a hearing, taking testimony from plaintiff and a vocational expert (VE). (AR 36-69.) On June 20, 2018, the ALJ issued a decision finding plaintiff not disabled. (AR 15-29.)

Plaintiff timely appealed. The Appeals Council denied plaintiff's request for review on March 28, 2019 (AR 1), making the ALJ's decision the final decision of the Commissioner. Plaintiff appealed this final decision of the Commissioner to this Court.

## **JURISDICTION**

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## **DISCUSSION**

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000). At step one, it must be determined whether the claimant is gainfully employed. The ALJ found plaintiff had not engaged in substantial gainful activity since the alleged onset date. At step two, it must be determined whether a claimant suffers from a severe impairment. The ALJ found the following impairments severe: adjustment disorder with mixed anxiety and depressed mood; post-traumatic stress disorder; generalized anxiety disorder; major depressive disorder, recurrent, moderate; attention deficit hyperactivity disorder; and degenerative disc disease with grade 1 spondylolisthesis. Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found plaintiff's impairments did not meet or equal a listing.

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant has demonstrated an inability to perform past relevant work. The ALJ found plaintiff able to perform

medium work, with the following limitations: frequent crouching and crawling; occasional exposure to hazards such as heights and machinery; occasional interaction with the public, co-workers, and supervisors; work that is simple, routine, and repetitive; work that is quota-based, rather than production-paced; and few, if any, work place changes. With that assessment, the ALJ found plaintiff able to perform his past relevant work.

If a claimant demonstrates an inability to perform past relevant work, or has no past relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy. With the assistance of the VE, the ALJ also found plaintiff capable of performing other jobs, such as work as a night cleaner, laundry worker, and hand packager. He further found that, if limited to light work, plaintiff would be able to perform jobs such as bakery worker and office helper.

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). *Accord Marsh v. Colvin*, 792 F.3d 1170, 1172 (9th Cir. 2015) ("We will set aside a denial of benefits only if the denial is unsupported by substantial evidence in the administrative record or is based on legal error.") Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff avers harmful error in the ALJ's rejection of medical opinions of non-examining

State agency doctors Eugene Kester, M.D., and Andrew Forsyth, Ph.D. He requests remand to cure the error. The Commissioner argues the ALJ's decision has the support of substantial evidence and should be affirmed.

## Medical Opinions

On December 28, 2015, Dr. Eugene Kester assessed plaintiff with no more than moderate functional limitations. (AR 79-81.) He explained the moderate limitation in social functioning as follows: "Due to . . . high levels of anxiety and anger issues superficial contact with others is needed." (AR 79.) With respect to adaptation, Dr. Kester explained: "Due to elevated anxiety the [claimant] would have difficulties with changes in the work setting which could lead to elevated anger." (AR 80.) On February 19, 2016, Dr. Andrew Forsyth affirmed Dr. Kester's opinion, while adding plaintiff might experience occasional waning of concentration, persistence, and pace, but was capable of satisfactory full-time employment with customary break periods. (AR 93-94.)

The ALJ assigned the opinions of Drs. Kester and Forsyth great weight, noting their review of medical evidence and finding the opinions consistent with the medical and other evidence in the record. (AR 26-27.) He noted, specifically, that plaintiff's treating psychiatric nurse consistently found plaintiff had euthymic mood and affect, and normal/intact speech, thought process, orientation, memory, attention/concentration, fund of knowledge, judgment, and insight. (AR 27 (citations to record omitted).)

Plaintiff avers error in that the ALJ failed to include in the RFC limitations to no more than superficial contact with others in the workplace and difficulty with changes in the work setting. He maintains the RFC contradicts the opinions of Drs. Kester and Forsyth given the limitation to "occasional interaction" with others, without addressing the nature of the occasional contact, and

ORDER
PAGE - 4

the limitation to few, if any, work place changes, despite the opined prohibition on changes in the work setting. Plaintiff asserts harm given the reliance on the RFC to reach conclusions at steps four and five. For the reasons set forth below, plaintiff's assignments of error lack merit.

The "final responsibility" for decision issues such as an individual's RFC "is reserved to the Commissioner." 20 C.F.R. §§ 416.927(d)(2), 416.946(c). That responsibility includes "translating and incorporating clinical findings into a succinct RFC." *Rounds v. Comm'r, SSA*, 807 F.3d 996, 1006 (9th Cir. 2015) (citing *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008)). An RFC finding need not directly correspond to a specific medical opinion. *Chapo v. Astrue*, 682 F.3d 1285, 1288 (10th Cir. 2012). The ALJ may incorporate the opinions of a doctor by assessing RFC limitations entirely consistent with, but not identical to limitations assessed by the doctor. *See Turner v. Comm'r of Social Sec. Admin.*, 613 F.3d 1217, 1222-23 (9th Cir. 2010).

To the extent the record contains conflicting medical evidence, the ALJ is responsible for resolving the conflicts. *Carmickle v. Comm'r of SSA*, 533 F.3d 1155, 1164 (9th Cir. 2008) (citing *Benton v. Barnhart*, 331 F.3d 1030, 1040 (9th Cir. 2003)). *See also Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014) ("[W]e leave it to the ALJ to determine credibility, resolve conflicts in the testimony, and resolve ambiguities in the record.") When evidence reasonably supports either confirming or reversing the ALJ's decision, the court may not substitute its judgment for that of the ALJ. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). The fact the ALJ "*could* have come to a different conclusion" in interpreting the record does not suffice to demonstrate error. *Shaibi v. Berryhill*, 883 F.3d 1102, 1108 (9th Cir. 2018) (emphasis in original). *See also Morgan v. Commissioner of the SSA*, 169 F.3d 595, 599 (9th Cir. 1999) ("Where the evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld.").

The ALJ here reasonably accounted for the opinions of Drs. Kester and Forsyth as to superficial contact with others and difficulties with work setting changes by limiting plaintiff to occasional interaction with the public, co-workers, and supervisors and work that is simple, routine, and repetitive, quota-based, rather than production-based, and involving few, if any, work place changes. Contrary to plaintiff's assertion, Drs. Kester and Forsyth did not prohibit changes in the work setting; they noted difficulties with changes. A limitation to few, if any, work place changes is entirely consistent with the opinions of these doctors. Nor was the ALJ required to limit plaintiff to only superficial interactions. The ALJ reasonably accounted for this opinion through the combination of limitations in the RFC, including only occasional contact with others, as well as work that is no more than simple, routine, and repetitive, quota-based, and involving few, if any, changes. *See, e.g., Quintanilla v. Berryhill*, No. C16-1043, 2017 U.S. Dist. LEXIS 61200 at *14 (C.D. Cal. Apr. 21, 2017) (finding, where doctor stated claimant could handle limited public contact and maintain superficial work-related interactions with coworkers and supervisors: "Given that the ALJ limited Plaintiff to carrying out 'simple' instructions, performing 'simple, routine, and repetitive tasks,' and 'occasional interaction with coworkers and supervisors,' . . . it follows that such interaction would be brief and superficial.")

The limitations adopted by the ALJ are, moreover, supported by substantial evidence of record. The ALJ found the medical evidence supported the RFC limitations addressing both adaption and social interactions, pointing to the findings and observations from plaintiff's treating psychiatric nurse, treating psychotherapists, an examining psychologist, a consultative psychological examiner, and other treating providers. (AR 23-24.) For example, plaintiff's providers repeatedly found him friendly and cooperative, with normal/appropriate/euthymic mood and affect, while the examining psychologist found plaintiff interactive, with appropriate mood

and full affect, appropriate eye contact, and normal attitude and behavior, and the consultative examiner found him pleasant and cooperative and maintaining moderate eye contact. (AR 24.) Plaintiff reported he was smart, followed instructions well, had no problem getting along with others, liked to try and make people laugh, and was "pretty good" at standup comedy. (AR 24-25.) He had consistently unremarkable mental status examinations (MSEs), with stable mood and anxiety and good focus, findings of normal/appropriate mood and affect, and negative reports for depression. (*Id*.) His medications had been effective in controlling his symptoms, with treating providers repeatedly noting his stable symptoms and no depression, anxiety, or mood swings with medication, and improved pain and ability to function. The ALJ also cited to a variety of activities inconsistent with the alleged greater degree of impairment, including, *inter alia*, plaintiff's ability to care for his wife, prepare meals and perform chores, use public transportation, go outside alone, and shop, as well as his reports of looking for work, exercising, performing manual work, interviewing for a housekeeper job, and helping to organize a yard sale. (AR 25.)

The ALJ also reasonably weighed the medical opinion evidence. One psychological examiner assessed no more than moderate limitations in all functional categories following an unremarkable MSE. (AR 21, 26, 354-58.) Another examiner, after another MSE unremarkable other than a high degree of psychomotor agitation and moderate eye contact, opined plaintiff's social interaction was "hampered" by his high degree of anxiety, that he would likely have "difficulty" with workplace social interactions, and that his adaptive capabilities were, at that time, "compromised" by his high degree of anxiety. (21, 26, 741-48.) The ALJ's interpretation of the varying medical opinions, including those of the non-examining doctors, and his interpretation of all other evidence in the record was rational and has the support of substantial evidence.

Finally, in the jobs identified at step five, taking instructions and helping people is "not

significant", talking is "not present", and the jobs are unskilled, meaning they "ordinarily involve dealing primarily with objects, rather than with data or people[.]" Social Security Ruling 85-15; Dictionary of Occupational Title (DOT) 381.687-018, 1991 WL 673258 (cleaner, industrial); DOT 361.685-018, 1991 WL 672987 (laundry worker); DOT 920.587-018, 1991 WL 687916 (hand packager). The jobs, in other words, fully accommodate the social and adaptive RFC limitations supported by the record and would even allow for only superficial contact with others. (*See* Dkt. 9 at 6-7 (citing district court decisions finding the jobs of hand packager, industrial cleaner, and laundry worker compatible with limitation to only superficial interactions with others).) *Cf. Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (error may be deemed harmless where it is "'inconsequential to the ultimate nondisability determination.'"; the court looks to "the record as a whole to determine whether the error alters the outcome of the case.") (cited sources omitted).

## **CONCLUSION**

For the reasons set forth above, this matter is AFFIRMED.

DATED this 4th day of December, 2019.

Mary Alice Theiler
United States Magistrate Judge